**LEATHEM, Appellee,**

v.

**LEATHEM, Appellant.**

[Cite as *Leathem v. Leathem* (1994), 94 Ohio App.3d 470.]

Court of Appeals of Ohio,
Hancock County.

No. 5-93-33.

Decided May 4, 1994.

*Rakestraw & Rakestraw* and *Gregory A. Rakestraw,* for appellant.

*Brimley & Kostyo* and *John F. Kostyo,* for appellee.

Thomas F. Bryant, Judge.

This is an appeal by defendant-appellant Wilton Salo Leathem from a judgment entered on June 30, 1993, by the Court of Common Pleas of Hancock County, granting plaintiff-appellee Laura Lee Leathem a legal separation and dividing the parties' assets.

Wilton and Laura were married on February 1, 1941 and four children were born as issue of their marriage. On June 2, 1989, Wilton conveyed the marital residence to their son to hold in trust, as trustee, and named himself and Laura income beneficiaries. On November 7, 1989, Laura filed her complaint seeking

alimony only. On January 1, 1991, pursuant to the revision of R.C. 3105.17, Laura's complaint for alimony only became an action for legal separation.

On June 4, 1991, the trial court held an evidentiary hearing on the matter. On May 18, 1993, the trial court journalized its "Minutes & Orders." On June 30, 1993, the trial court entered its judgment granting the parties a legal separation and dividing their assets.

It is from this judgment that Wilton now appeals and submits four assignments of error. Because appellant's first two assignments of error are interdependent and require similar analysis, we address them together.

Appellant's first two assignments of error are:

"The trial court was without jurisdiction to order the sale of the real estate held in trust because the owner of the property was not a party to the action, did not reside in Hancock County and the real estate was not located in Hancock County.

"The trial court erred when it found the real estate held in trust to be marital property."

Essentially, Wilton's first two assignments of error argue that the trial court erred by finding that the marital residence was marital property because his son was title owner of the property, as trustee, and the trial court did not have jurisdiction over either his son or the property.

■ Upon a party's filing a complaint for legal separation in the proper venue, the trial court has jurisdiction over the parties' assets to determine what constitutes marital property and separate property and how the property should be divided between the parties. R.C. 3105.011, states, in part:

"The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters."

R.C. 3105.171(B) states:

" * * * [I]n legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. * * * [U]pon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest."

■ A trial court has broad discretion in determining what constitutes marital property and separate property. See *Krisher v. Krisher* (1992), 82 Ohio App.3d 159, 611 N.E.2d 499. On review, we will not disturb the trial court's judgment if

the court has not abused its discretion. An "abuse of discretion" has been defined as a court's unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

■ Here, the trial court determined that the marital residence was marital property and ordered it sold with the proceeds, minus the outstanding mortgage, to be divided equally between the parties. The trial court noted, and the record discloses, the following evidence: that the marital residence was the parties' only valuable asset, that Wilton conveyed the marital residence to their son, to hold as trustee, approximately two months after Laura's fifth stroke and after it became necessary for her to reside outside the marital residence, that the conveyance was at a time when Laura needed monies for medical and/or health care, that Laura was not a signatory to the trust agreement, that Laura did not release her inchoate dower rights in the conveyance to the trustee, and that even though Laura was an income co-beneficiary of the trust agreement, the trust corpus produced little or no income.

After consideration of this evidence, the trial court apparently deemed the conveyance of the marital residence to the trustee to be a constructive or actual fraud upon Laura because it was an attempt to defeat any rights she may have had in the marital residence as marital property. Pursuant to R.C. 3105.17.1(H) the holding of the title to property by one spouse individually, as here by Wilton, does not determine whether the property is separate property or marital property. Hence, although the marital residence was titled in Wilton only before he conveyed it into the trust, we believe, as apparently the trial court did, that the marital residence was marital property *before* its conveyance into the trust and therefore that *conveyance* was void *ab initio*.[1]

■ Further, because Wilton's conveyance to the trustee is void *ab initio*, we believe the trial court did not necessarily require personal jurisdiction over the trustee to effectuate its judgment. In its judgment entry, the trial court properly stated, in part:

"It is furthered ORDERED that within fifteen (15) days after journalization of this JUDGMENT ENTRY, each party shall execute and deliver all deeds, conveyances, titles, certificates or other documents or instruments necessary and proper to effectuate all the terms of this JUDGMENT ENTRY.

---

1. We note that although the trial court did not do so here, a court, pursuant to R.C. 3105.171(E)(3), is allowed to determine whether a spouse has engaged in financial misconduct, and if the court finds misconduct it can compensate the offended spouse accordingly.

"It is furthered ordered that upon failure by the party to execute and deliver any such deed, conveyance, title, certificate or other documents or instruments to the other party, this JUDGMENT ENTRY shall constitute and operate as such properly executed document and the County Auditor and County Recorder and any and all public officials are hereby authorized and directed to accept this JUDGMENT ENTRY or properly certified copy thereof in lieu of the document regularly required for such conveyance or transfer of the ownership of either real or personal property or both."

After review of the record, and the evidence within the record as cited above, we believe the trial court did not abuse its discretion in determining that the marital residence was marital property.

Accordingly, appellant's first two assignments of error are not well taken.

Appellant's third assignment of error is:

"If any part of real estate held in trust was marital property the court erred in finding the entire value of the property to be marital property where the defendant-appellant had inherited an interest and purchased another interest therein prior to the marriage and retained the real estate in his sole name."

In his third assignment of error, appellant argues alternatively that the trial court erred by not finding all or part of the marital residence to be appellant's separate property.

■ It is within the sound discretion of the trial court to determine if any separate property has been converted into marital property by the process of transmutation. *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 564 N.E.2d 97. As an appellate court, we will not disturb the trial court's judgment absent a showing that the trial court abused its discretion by acting arbitrarily, unreasonably or unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142.

■ Here, in its "Minutes & Order" the trial court found that any separate property that Wilton previously held in the marital residence was transmuted into marital property after fifty years of marriage in which both spouses made significant long-term contributions to the marriage and the marital residence. Further, the trial court, upon reaching its judgment, specifically stated in its entry that it had considered *Kuehn, supra,* and the enumerated factors of transmutation as specified therein.

Our review concludes that the trial court did not abuse its discretion in determining that any separate property that Wilton previously held in the marital residence was transmuted into marital property.

Appellant's third assignment of error is not well taken.

Appellant's fourth and final assignment of error is:

"The trial court abused its discretion in ordering the sale of the real estate when neither party requested the sale and both parties in fact stated they did not want the property sold."

[7]  As cited by the trial court, R.C. 3105.171(J)(2) gives the court the authority to order the real estate to be sold with the proceeds to be distributed accordingly.  Thus, here, the trial court did not require either parties' consent or request to order the sale of the property and, after review, we hold that the trial court did not abuse its discretion in ordering the sale.  See *Blakemore, supra.*

Appellant's fourth assignment of error is not well taken.

The judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.