Defendant-appellant, Mildred Biggers, appeals from a final decree of divorce entered in the Greene County Court of Common Pleas as it pertains to spousal support and the division of assets. We conclude that the trial court erred by failing to evaluate the retirement benefits, and by failing to include one of the benefit plans in the marital property division. We further find that the trial court erred by failing to make findings of fact regarding spousal support, thereby precluding meaningful appellate review of its failure to award spousal support.
Accordingly, the judgment of the trial court is Affirmed in part and Reversed in part, and this cause is Remanded for proceedings consistent with this opinion.
 I
Mildred Biggers and Rand Biggers were married on July 5, 1980. At the time, Mr. Biggers was a graduate student at Kent State University. While Mr. Biggers completed his Ph.D., Mrs. Biggers worked to support the family financially; at that time, the parties had two daughters. As a benefit of Mrs. Biggers' employment, Mr. Biggers received a tuition waiver.
Mr. Biggers completed his Ph.D. in 1983, at which time he started a job in Florida. The parties moved to Florida, where they purchased a home. The Biggers made a $20,000 downpayment on the home using a portion of a mutual fund that Mr. Biggers owned prior to the marriage. The Biggers lived in Florida until 1990, during which time, Mrs. Biggers stayed at home to raise their four children.
In 1990, Mr. Biggers transferred to Wright-Patterson Air Force Base. The family moved to Beavercreek, Ohio, where they purchased a home using the equity from their first home as a downpayment. In 1994, Mrs. Biggers began working at Wright State University, where she worked at the time of the divorce.
Mr. Biggers filed a complaint for divorce in March, 1994. The final contested hearing was held on two days in November, 1996. At the time of the divorce, the Biggers had three minor children. The final Decree was issued in January, 1997.
 II
Mrs. Biggers's First Assignment of Error states:
 THE TRIAL COURT'S DECISION OF THE PARTIES [SIC] PROPERTY WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
Mrs. Biggers contends that the trial court erred in dividing the parties' property. Specifically, she claims that the trial court failed to distinguish properly between marital property and separate property when it ruled that "$20,000 of the equity [in the marital residence] will be returned to [Mr. Biggers] as his separate property." She further contends that the court failed to put a value upon, and to dispose of, the parties' retirement benefits.
We begin with the claim that the trial court erred by dividing the equity in the marital residence. The record establishes that Mr. Biggers owned a mutual fund in the amount of $25,000 prior to the marriage. It further establishes that $20,000 of that money was paid as a downpayment on the parties' first marital home, and that the proceeds of the first home were used as a downpayment on their second home. Mrs. Biggers claims that Mr. Biggers was unable to trace any portion of the equity to his separate property. She also claims that the money was transmuted into marital property because "prior to the residence being purchased, the parties agreed that [Mrs. Biggers] would continue to work and not spend the CD for living expenses so that it could be used as a down-payment".
Prior to making an equitable division of property between spouses in a divorce action, a trial court must distinguish between marital property and separate property. R.C. 3105.171(B).
R.C. 3105.171(A)(6)(b) provides that the commingling of separate property with marital property does not destroy the identity of the separate property unless the separate property is not traceable. The trial court has broad discretion in determining what constitutes marital property and separate property. Leatham v. Leatham (1994), 94 Ohio App.3d 470, 472. It is also within the trial court's discretion to determine if any separate property has been transmuted into marital property. Id., at 474. From our review of the record, and given that Mrs. Biggers did testify that the downpayment was made from the fund, we cannot say that the trial court has abused its discretion.
We next address the issue of the division of the parties' retirement benefits. The record indicates that both parties had retirement benefits through their employers; Mr. Biggers had both Air Force Retirement and Civil Service Retirement benefits, while Mrs. Biggers had Public Employees Retirement benefits. However, other than Mr. Biggers's testimony that he had paid between $2,000 and $5,000 during the marriage to "buy back" his Air Force Retirement benefits, there was no evidence submitted concerning the value of the benefits. The trial court did not indicate that it had even assigned a value to the benefits. Furthermore, the trial court failed to make any disposition of Mr. Biggers' Air Force Retirement benefits.
"It is axiomatic that a divorce decree is insufficient and incomplete if it does not dispose of all property of a marriage."James v. James (1995), 101 Ohio App.3d 668, 682, citations omitted. "Retirement benefits or the right to receive retirement benefits accumulated during the marriage are marital property which must be equitably distributed in a divorce." Id., at 685. Based upon our review of the record, we conclude that at least a portion of Mr. Biggers' Air Force Retirement benefits constitute marital property, and therefore should have been included as a marital asset in the property division.
Furthermore, this court has held that when a trial court fails to provide a sufficient basis for its valuation of marital property to permit meaningful appellate review whether its disposition of that property is equitable, the matter will be remanded to allow the trial court to make appropriate findings. See Banning v. Banning (June 28, 1996), Greene App. No. 95 CA 79, unreported; Rammel v. Rammel (Jan. 20, 1995), Montgomery App. No. 14362, unreported. "[S]ince retirement benefits are an essential and often formidable part of the estate, such benefits must be distributed equitably; generally, such assets must be valued, and the court must order the parties to present sufficient evidence to value the benefits when such evidence is absent from the record
* * *". Shepard v. Shepard (Dec. 28, 1994), Darke App. No. 1341 CA, unreported, citation omitted. Given that the trial court has failed to explain its valuation of the benefits, and that there is no evidence in the record regarding the value of the retirement benefits, we cannot make a determination whether the disposition of those benefits produced an equitable division of the marital estate.
Consequently, we remand this case to the trial court for it to indicate the basis of its valuation of the parties' retirement benefits, if any, and to include the Air Force Retirement benefits in the marital property division. In the event that the trial court failed to put a value upon those benefits, it shall order the parties to submit evidence concerning the value of the benefits, and equitably distribute the same.
Mrs. Biggers's First Assignment of Error is sustained in part and overruled in part.
 III
Mrs. Biggers's Second Assignment of Error is as follows:
 THE TRIAL COURT'S FAILURE TO ADDRESS OR AWARD SUSTENANCE ALIMONY WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mrs. Biggers contends that the trial court erred by failing to address the issue of spousal support. She further claims that the evidence supports an award.
Mrs. Biggers requested spousal support in her answer and counterclaim for divorce. Thus, she argues that the trial court was required to consider the relevant statutory factors set for in R.C. 3105.18(C)(1) and to determine whether an award of spousal support is appropriate. She further notes that she presented testimony and evidence regarding some of the relevant statutory factors. At the time of the divorce, Mr. Biggers was earning approximately three times more than Mrs. Biggers. R.C.3105.18(C)(1)(a). Mr. Biggers was awarded his entire Civil Service Retirement benefit that had accumulated over thirteen years of marriage, while Mrs. Biggers was awarded her retirement benefits, which had accumulated only over three years of the marriage. R.C. 3105.18(C)(1)(d). Mr. Biggers had obtained a Ph.D. in physics while Mrs. Biggers had a Bachelor of Arts degree in English. R.C. 3105.18(C)(1)(h). Mrs. Biggers supported the family while Mr. Biggers completed his Ph.D., and he was granted a tuition waiver as a benefit of her employment. R.C.3105.18(C)(1)(j).
A trial court enjoys wide discretion in making awards of spousal support. Graham v. Graham (1994), 98 Ohio App.3d 396, 399. However, as noted by Mrs. Biggers, that discretion is not unlimited; the trial court is required to consider the factors set forth in R.C. 3105.18(C). Id.
In this case, we cannot determine whether the trial court even exercised its discretion, because the final decree is silent on the issue of spousal support. It is possible that the issue of spousal support was inadvertently omitted from the trial court's consideration. In any event, the trial court did not set forth any reason for failing to grant spousal support, and did not make any findings concerning the statutory factors in R.C. 3105.18(C) that are relevant in this case. Accordingly, this issue is remanded to the trial court for more specific findings of fact and conclusions of law regarding spousal support.
The second assignment of error is sustained.
 IV
Mrs. Biggers's First Assignment of Error having been sustained in part, and her Second Assignment of Error having been sustained, the judgment of the trial court is Affirmed in part, and Reversed in part. This cause is Remanded for further proceedings consistent with this opinion.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Gary R. Johnson
Joseph N. Stadnicar
Hon. Judson L. Shattuck, Jr.