Plaintiff-appellant, Robert Pritchette, appeals the division of marital property ordered by the Clermont County Court of Common Pleas in a divorce action. We affirm.
Appellant and defendant-appellee, Glenna Pritchette, were married on February 17, 1996. Appellee left the marital residence in December 1996, following her arrest for domestic violence. No children were born of the marriage.
The magistrate heard testimony on August 1, 1997, and issued findings of fact and conclusions of law on August 18, 1997. The parties stipulated that the only issues before the court were the disposition of a 1995 Pontiac titled in the parties' joint names and certain furniture and other household goods. The magistrate noted that appellant is disabled and had substantial premarital assets. The magistrate determined that although the vehicle was titled in both parties' names, it had been purchased prior to the marriage solely from appellant's funds and was titled in both names for insurance purposes. The magistrate further determined that despite appellee's assertion of some donative intent, there was no evidence that the parties intended to convert the vehicle from separate to marital property. Therefore, the magistrate found that the vehicle was appellant's separate property.
Concerning other personal property, the magistrate noted that appellee had presented evidence that in January, February and March 1996, she and appellant purchased a number of items of furniture. Appellee's exhibit consisted of invoices from Levitz Furniture Store totalling $8,561.69. Appellant testified that appellee's parents had removed certain furniture, china, and antique tools which were his separate property. The magistrate found there was no evidence that appellee was in possession of any of appellant's antique tools or any of the furniture, or that any of these were removed from appellant's residence at appellee's direction. The magistrate found that it was the intent of the parties that the furniture be marital property and that the only evidence of its value consisted of the invoices submitted by appellee.
The magistrate therefore recommended that appellant be awarded the vehicle free of any claim by appellee and that appellant be required to pay to appellee the sum of $4,280.85 representing one half of the value of the furniture. Appellant filed objections to the magistrate's recommendations. The trial court overruled the objections and entered a judgment of divorce which ordered appellant to pay appellee $4,280.85 for one half of the value of the furniture.
Appellant's assignments of error are all related to the furniture. In his first assigment of error, appellant argues that the trial court abused its discretion in ordering appellant to pay appellee the sum of $4,280.85. In his second assignment of error, he argues that the trial court erred in finding that the entire value of the Levitz furniture was marital property, and in his third assignment of error he claims that the trial court erred by failing to determine the period "during the marriage" as required by R.C. 3105.171(A)(2).
The division of marital property is governed by R.C. 3105.171-(C)(1), which provides in part that the division of marital property shall be equal unless such a distribution would be inequitable. Further, R.C. 3105.171(A)(3)(a)(i) provides in relevant part that "marital property" means "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." "Separate property" is "any real or personal property * * * that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii).
R.C. 3105.171(A)(2) provides as follows:
 (2) "During the marriage" means whichever of the following is applicable:
 (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce * * *.
 (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court."
Our analysis begins with the well-established principle that the trial court is vested with broad discretion in determining property division awards and its ruling will not be disturbed on appeal without a showing that the court abused its discretion. Worthington v. Worthington (1986), 21 Ohio St.3d 73. To amount to an "abuse of discretion," the court's attitude must have been unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. An appellate court reviewing a ruling involving the abuse of discretion standard is guided by the presumption the trial court correctly exercised its discretion. Babka v. Babka (1992), 83 Ohio App.3d 428.
Although this was a very short marriage, we find no abuse of discretion in the equal division of furniture. The invoices represented the only estimate of the furniture's value. The trial court has broad discretion to determine the value of marital property. Willis v. Willis (1984), 19 Ohio App.3d 45. Therefore, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error will be considered together. During the hearing, appellant did not testify extensively concerning the acquisition of the furniture. Appellant stated that the furniture was purchased after the marriage. Appellee testified that she had paid $400 initially in January for the furniture, and that her name was on several invoices for that reason. Appellee acknowledged that appellant had paid for the furniture after the initial $400 payment. She also testified that all of the furniture remained in appellant's residence after she left in December of 1996. Appellee presented the invoices from Levitz. These invoices indicated that the furniture was delivered to the marital residence in January, February and March 1996.
Under these circumstances, we cannot find that the trial court abused its discretion in determining that the furniture was marital property. A trial court has broad discretion in determining what constitutes marital property and separate property. Leathem v. Leathem (1994), 94 Ohio App.3d 470, 472. An appellate court will not disturb a trial court's decision if the court has not abused its discretion. The magistrate heard testimony that appellee had lived with appellant in his residence prior to the marriage, albeit as a nurse's aide. The magistrate found that the parties intended the furniture to be marital property, despite the fact that some of it had been purchased approximately one month prior to the marriage.
R.C. 3105.171(G) provides:
 In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
The import of findings of fact is to provide an appellate court with a sufficient record to determine the existence of assigned error. Lairson v. Lairson (June 29, 1992), Butler App. Nos. CA91-04-071 and CA91-05-087, unreported. Where the trial court's opinion, together with other parts of the record, provides an adequate basis upon which to resolve the legal issues presented, there is substantial compliance. R.C. 3105.171(G) is satisfied "when the reviewing court is able to ascertain the requisite information from various portions of the record." Lairson.
The magistrate did not specifically state that he was using a date other than the date of the marriage, February 16, 1996, to determine the meaning of "during the marriage." However, the invoices and the testimony of the parties concerning the acquisition of the furniture adequately support the trial court's conclusion that the furniture, purchased only one month before the actual marriage, was marital property. See, also, Phillips v. Phillips (Aug. 16, 1993), Butler App. No. 92-11-213, unreported (parties sharing of residence prior to marriage one factor appropriately considered in property division).
Therefore, we overrule appellant's second and third assignments of error. Accordingly, the judgment of the trial court is affirmed.
KOEHLER and POWELL, JJ., concur.