Defendant-appellant Robert Kasmer appeals from the division of property and award of spousal support which was entered in favor of plaintiff-appellee Susan Kasmer by the Domestic Relations Division of the Mahoning County Common Pleas Court. For the following reasons, the trial court's decision is affirmed.
 STATEMENT OF FACTS
Robert and Susan Kasmer were married in September 1970. Two children were born of the marriage. Both children suffer from macula degeneration which is an eyesight impairment that left them legally blind. In 1996, Ms. Kasmer filed for legal separation and then for divorce. The divorce trial proceeded in February 1998. The court found that Mr. Kasmer's annual income was $147,000 and that Ms. Kasmer had not earned any income since the birth of the parties' first child in 1978. At the time of the divorce, Ms. Kasmer was enrolled in a massotherapy course at a cost of $655 per month until mid-1999, after which she would have to take review courses to prepare for a state licensing examination. She also desired to enroll in specialty courses for neonatal massotherapy. The court determined that Ms. Kasmer would have a potential to earn $15,000 per year as a massotherapist.
On May 13, 1998, the court released its judgment entry which allocated parental rights, distributed the marital property, and awarded spousal support. Mr. Kasmer was designated the residential parent of the parties' sixteen year old son; their other child was emancipated. The marital property was divided equally. Among the assets divided was approximately $106,000 which Mr. Kasmer had put aside for his sons and which was allegedly titled in his sons' names. Ms. Kasmer was not aware that Mr. Kasmer had given this money to the children until he disclosed this fact at a pretrial. As for spousal support, the court awarded Ms. Kasmer $3,500 per month for an indefinite duration. The spousal support would end if either party died or if Ms. Kasmer remarried or cohabited with an unrelated male. The court also reserved jurisdiction over spousal support. Mr. Kasmer filed a timely motion for a new trial which was denied by the trial court. The within appeal resulted.
 STANDARD OF REVIEW
In a divorce proceeding, the trial court has equitable authority to divide marital property and determine whether an award of spousal support would be appropriate. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 130-131; R.C. 3105.171 and 3105.18. The court has broad discretion to decide what is equitable.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. A reviewing court shall not reverse a division of property or an award of spousal support unless, after considering the totality of the circumstances, an abuse of discretion by the trial court is discovered. Holcomb, supra at 131. An abuse of discretion is characterized by an unreasonable, arbitrary, or unconscionable attitude which is more than a mere error of judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 ASSIGNMENT OF ERROR NUMBER ONE
Mr. Kasmer advances two assignments of error, the first of which alleges:
 "THE TRIAL COURT ERRED IN FAILING TO TERMINATE THE SUSTENANCE SPOUSAL SUPPORT ON A DATE CERTAIN BECAUSE THE WIFE HAD THE RESOURCES, ABILITY AND POTENTIAL TO BE SELF-SUPPORTING."
Mr. Kasmer argues that the court abused its discretion by awarding spousal support for an indefinite period. He points out that after the property division, although Ms. Kasmer would not have a home, she would have assets totaling approximately $334,000. He also points to a personal injury settlement from which Ms. Kasmer receives $500 per month. He claims that these monetary sources combined with spousal support and the fact that Ms. Kasmer will be a massotherapist by the year 2000 requires a definite termination date for the spousal support.
In Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, the Supreme Court stated that the modern trend favors terminating spousal support on a date certain but proceeded to hold:
 "except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time on a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Id. at 69.
The parties in Kunkle were married for eighteen years. Mrs. Kunkle was thirty-seven years old, in good health, had an earning capacity of $15,150 per year, and would be receiving a college degree within five years. The Supreme Court reversed and remanded an indefinite award to the trial court who had failed to reserve jurisdiction; the trial court was ordered to set a firm date of spousal support termination. Since Kunkle was decided, the legislature has amended R.C. 3105.18 (C) to focus on the reasonableness of the award, as opposed to the prior focus on the need of the payee. Now spousal support can be reasonable even if it exceeds the payee's need. Olenik v. Olenik (Sept. 18, 1998), Mahoning App. No. 94-CA-139, unreported, 3; Tomovcik v. Tomovcik
(Jan. 22, 1997), Jefferson App. No. 95-JE-22, unreported, 3.
Many appellate districts explain Kunkle as meaning that "a marriage of long duration `in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of Kunkle.'" Vanke v. Vanke (1994), 93 Ohio App.3d 373, 377, quotingCorpac v. Corpac (Feb. 27, 1992), Franklin App. No. 91AP-1036, unreported. See, also, Bowen v. Bowen (Feb 2, 1999), Medina App. Nos. 2720-M, 2733-M (stating that a twenty-year marriage qualifies as one of long duration and citing cases where appellate courts have found marriages of long duration in twenty-two and twenty-five year marriages). If one of the threeKunkle exceptions exist, then the trial court will rarely have abused its discretion by failing to set a termination date. Addyv. Addy (1994), 97 Ohio App.3d 204, 209-210.
Mr. Kasmer characterizes the indefinite award as being an award for life. However, here the trial court (unlike Kunkle, supra) reserved jurisdiction to modify the amount and the term of the spousal support award pursuant to R.C. 3105.18 (E). Furthermore, the court ordered Ms. Kasmer to seek work after completing her course work. The failure to assign a termination date is not a lifetime award where the court retains continuing jurisdiction to decrease or terminate the spousal support based on a change in either party's circumstances. Donese v. Donese (Apr. 10, 1998), Greene App. No. 97 CA 70, unreported, 4. See, also, Bowen, supra
at 3. Moreover, at a modification hearing, the court can once again determine if it is appropriate to set a termination date. See Vanke v. Vanke (1992), 80 Ohio App.3d 576, 581. Accordingly, appellant is not without a remedy should future facts diminish the justiciability of the trial court's original order relative to spousal support.
The trial court found that Ms. Kasmer has a high school education and a reading comprehension problem. Whether she would successfully become a massotherapist was speculative at the time of the divorce. The Kasmers were married for more than twenty-seven years during most of which time Ms. Kasmer earned no income. Due to the Kasmers' long term marriage, Ms. Kasmer's lack of income during the majority of the marriage, and the trial court's continuing jurisdiction over the award, we hold that the court did not abuse its discretion by awarding indefinite spousal support. Accordingly, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
The second assignment of error set forth by Mr. Kasmer contends:
 "THE TRIAL COURT ERRED BY FAILING TO CONSIDER A DEVIATION IN THE CHILD SUPPORT GUIDELINES BECAUSE OF THE `SPECIAL AND UNUSUAL NEEDS OF THE PARTIES' CHILDREN' IN VIOLATION OF O.R.C. 3113.215 (A) (3) AND/OR BECAUSE THE COURT FAILED TO RECOGNIZE THE IMPLICIT AGREEMENT BETWEEN THE PARTIES."
In 1993 or 1994, Mr. Kasmer procured a bank loan in order to purchase stock which he allegedly bought in his son's names. After selling the stock and repaying the loan, Mr. Kasmer was left with $122,000. He claims that his sons paid capital gains taxes on the proceeds of the stock sale. When Ms. Kasmer filed for separation, each child had a bank account at Home Savings 
Loan with balances under $1,500. Sometime after Ms. Kasmer so filed, Mr. Kasmer transferred the $122,000 into the children's accounts. With more than half of the money, Mr. Kasmer purchased stock which later decreased in value. At the time of trial, there was approximately $106,000 remaining which the court divided between Mr. and Ms. Kasmer. Mr. Kasmer alleges that the trial court abused its discretion by treating as marital property the money that he transferred to his sons.
The First Appellate District decided a similar issue and held:
 "It is clear from our review of the record that the intention of the parties was to provide savings for the children. * * * [W]e uphold the express intent of the parties to provide savings for the children and therefore exclude the children's accounts from monies that are to be considered marital property." Henderson v. Henderson (Nov. 1, 1995), Hamilton App. No. C-940833, unreported, 2. (Emphasis added).
In the case at bar, Mr. Kasmer testified that this money was set aside for college tuition and to pay for experimental surgery on the children's eyes should such surgery ever be discovered. He argues that the money should be treated as an agreement between himself and Ms. Kasmer to deviate from the child support guidelines. At trial, he stated that he was sure that Ms. Kasmer would agree that the money should remain in the children's accounts. Nevertheless, the position of Ms. Kasmer's attorney throughout trial was that the money transferred to children's accounts was marital property that should be evenly distributed between the parties. Furthermore, Mr. Kasmer admitted that he never informed or consulted Ms. Kasmer about the purchase of the stock or the transfer of these funds to the children until after the fact, at a pretrial. There can be no agreement, express or implied, if one of the parties is unaware of the transaction. Mr. Kasmer states that at a pretrial Ms. Kasmer impliedly agreed to the transfer after the fact by consenting to the withdrawal of $8,000 from the disputed funds to pay the oldest son's college tuition. However, Ms. Kasmer merely consented to pay tuition out of what she maintained was marital property.
If there is a dispute over whether a husband and wife intended to give marital funds to their children, the trial court's determination basically revolves around credibility of the witnesses. Strong v. Strong (Feb. 28, 1997), Lucas App. No. 1-96-044, unreported, 2-3. Credibility is primarily a question for the fact-finder. State v. DeHass (1967), 10 Ohio St.2d 230,231. See, also, Seasons Coals Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. The trial court stated that Mr. Kasmer failed to provide documentation as to support his testimony about the loan he placed to buy the stock, who owned the stock, and who paid capital gains on the stock. We cannot say that it is clear from the record that the Kasmers both intended to give marital funds to their children. See Henderson, supra.
A court has broad discretion in determining what constitutes marital property and in equitably distributing such property.Cherry, supra at 335. See, also, Leathem v. Leathem (1994),94 Ohio App.3d 470 (finding fraud where a husband transfers marital property to his son); Baker v. Baker (1992), 83 Ohio App.3d 700
(finding that a house purchased by husband in son's name was marital property). While an argument may be made relative to the wisdom of establishing a fund for special needs children, we cannot hold that the record reflects that the trial court abused its discretion in distributing the disputed funds as marital property. Moreover, nothing would prevent either parent from utilizing their share of the aforementioned assets to provide for their children. This assignment of error is overruled.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ____________________________ JOSEPH J. VUKOVICH, JUDGE