OPINION
{¶ 1} Appellant, Brent Blythe, appeals the judgment of the Allen County Common Pleas Court determining the de facto termination date of Appellant's marriage, and the determination to give Appellee a property interest in certain farm machinery. Appellant claims that the trial court abused its discretion in making both rulings. After reviewing the entire record, we find that the trial court did not abuse its discretion with regards to the termination date of the marriage; however, we do find that the trial court erred in calculating the percentage of the property that was the non-marital separate property of Appellant. Therefore, we overrule Appellant's first assignment of error, sustain in part his second assignment of error, and reverse in part the judgment of the trial court.
 {¶ 2} Appellant and Plaintiff-Appellee, Ann Blythe, were married in March 1992. During the marriage, Appellant was a farmer and Appellee worked as a respiratory therapist. Each year the parties would take out an operating loan to pay for the maintenance and operation of the farm. Because Appellant's income would not be realized until the end of the year, Appellee's income was used to pay the monthly living expenses. The operating loan was then paid off in full at the end of each year, and the remaining proceeds from the farming activities were used to either pay off large household expenses or reinvested into farm land and equipment.
 {¶ 3} On April 3, 2002, Appellee filed a compliant for divorce. This complaint was subsequently dismissed as the parties attempted to reconcile; however, the parties were unable to reconcile and another complaint for divorce was filed on April 24, 2002.
 {¶ 4} In March 2003, the trial court determined that the parties were incompatible and granted a divorce. As part of its judgment, the trial court held that, for the purposes of the division of marital assets, the economic relationship of the parties should severed as of March 2002. Further, the court found that certain pieces of the farm equipment were at least partially marital property and should be distributed between the parties proportionately. It is from this judgment that Appellant appeals presenting two assignments of error for our review.
 Assignment of Error I The trial court erred in finding the de facto termination dateof the marriage to be March, 2002.
 {¶ 5} In the first assignment of error, Appellant claims the trial court erred in setting March 2002 as the de facto termination date of the parties' marriage. Appellant maintains that having the economic ties severed in March 2002 caused an inequitable distribution of the marital assets.
 {¶ 6} For the purposes of dividing and valuing marital property, the date of the final divorce hearing is normally used as the termination date of the marriage.[1] However, the trial court has the discretion to set a de facto date of termination of the marriage at an earlier time.[2]
The decision of the trial court to use a de facto date rather than the date of the final hearing is within its sound discretion and will not be disturbed on appeal absent an abuse of discretion.[3] An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable.[4]
 {¶ 7} Herein, the trial court made the finding that Appellant began using the proceeds of the operating loan to pay his monthly living expenses. This was demonstrated by the fact that the operating loan was $35,000 more than it had ever been in the past. Further, Appellant admitted to using some of the operating loan to prepay farm expenses. Both of these uses of the operating loan were done after March 2002, and both were outside of the parties' normal practice regarding the operating loan.
 {¶ 8} The trial court found March 2002 to be the termination date of the parties' economic relationship, because that is when Appellant began to use the operating loan proceeds for his own living and farming expenses. Further, the trial court held that all of the profits as well as the debts which accrued to the farm after March 2002 were the sole property of Appellant.
 {¶ 9} We cannot say that the trial court abused its discretion in severing the economic ties of the parties as of March 2002. It is clear that Appellant began using the farm's operating loan in a manner which solely benefited himself. Further, the court granted Appellant the sole ownership of all the profits he generated from the farm as well as the debts. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error II The trial court erred in failing to properly determine the separateinterest of Defendant/Appellant in certain farm equipment and machinery.
 {¶ 10} In the second assignment of error, Appellant contends the trial court wrongfully found that the 1992 32 Foot Chamberlain hopper trailer ("trailer") was entirely marital property. He maintains that he purchased the trailer with money he received by selling six wagons his father had given to him as a gift. Further, he asserts the trial court erred in finding that only thirteen percent of the Kill Bros. 1800 grain cart ("1800 cart") was non marital property.
 {¶ 11} Property acquired during marriage is presumed to be marital in nature unless it can be shown to be separate.[5] The burden is on the party seeking to have certain property declared separate to establish by a preponderance of the evidence that such property is not martial in nature.[6] In deciding whether a party has met this burden, a trial court is given broad discretion.[7] A judgment that property either is or is not marital in nature will be overturned only upon the trial court's abuse of its discretion.[8]
 {¶ 12} The court found that Appellant had failed to meet his burden of proving the trailer, bought during the marriage, was non marital property. At trial, Appellant was unable to establish when he sold the wagons his father gave him, how much he sold them for, and when, if ever, he had applied any of the amount he received for the wagons to the purchase price of the trailer. Having reviewed the record, we can not find that the trial court's decision regarding the trailer was unreasonable, arbitrary, or unconscionable.
 {¶ 13} Appellant also complains that the trial court erroneously calculated the amount of his premarital interest in the 1800 cart. During the marriage, Appellant bought the 1800 cart for $11,500. Appellant used an older Kill Bros. 800 grain cart ("800 cart"), which he had purchased prior to the marriage, and which was owned jointly by himself and his father, as a trade in. He received $3,000 for the trade in and applied that amount towards the purchase of the 1800 cart.
 {¶ 14} The trial court found that his father's half of the 800 cart was a gift to Appellant and non marital property. However, the trial court failed to account for Appellant's original half of the 800 cart. The total trade in value of the 800 cart represents twenty six percent of the total purchase price of the 1800 cart. However, the trial court only found that thirteen percent of the trade in value was non marital property.
 {¶ 15} Since the 800 cart was purchased in 1985, before the marriage, Appellant's entire share of the cart was non marital property. Accordingly, the full amount from the 800 cart that was applied towards the purchase of the 1800 cart was non marital property.
 {¶ 16} Reviewing the record, we find that it was unreasonable for the trial court to fail to include Appellant's premarital interest in the 800 cart in his non marital property. Therefore, the court erred in this calculation and, consequently, abused its discretion in not finding that twenty six percent of the $7,200.00 value of the cart was the separate property of Appellant.
 {¶ 17} Accordingly, we must overrule in part and sustain in part Appellant's second assignment of error, and we reverse the judgment of the trial court to that extent only.
 {¶ 18} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm in part and reverse in part the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
Bryant, P.J., and Cupp, J., concur.
[1] R.C. 3105.171(A)(2)(a); Crouso v. Crouso, 3rd Dist. No. 14-02-04, 2002-Ohio-3765, at ¶ 6.
[2] R.C. 3105.171(A)(2)(b); Crouso at ¶ 6.
[3] Berish v. Berish (1982), 69 Ohio St.2d 318, 321; Fisher v. Fisher
(Mar. 22, 2002), 3rd Dist. No. 7-01-12, 2002-Ohio-1297, unreported.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] R.C. 3105.171(A)(3)(a); Lust v. Lust, 3rd Dist. No. 16-02-04, 2002-Ohio-3629, at ¶ 13.
[6] Lust, at ¶ 13, Okos v. Okos (2000), 137 Ohio App.3d 563,570; Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
[7] Leathem v. Leathem (1994), 94 Ohio App.3d 470, 472-473.
[8] Id.