*337
 
 Day, J.
 

 The record discloses that the plaintiff -asked for a money judgment for money had and received on alleged misrepresentations and violation of contract. We deem it well settled that, where a petition asks for a money judgment, and pleads facts necessary for establishing such right, and an answer is filed which raises issues of fact upon which either party might demand a jury trial, such cause is a law action and not a chancery case. Section 11379, General Code, recites in part: “Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury unless a jury trial be waived.” See
 
 Gunsaullus, Admr.,
 
 v.
 
 Pettit, Admr.,
 
 46 Ohio St., 27, 17 N. E., 231;
 
 Willson Improvement Co.
 
 v.
 
 Malone,
 
 78 Ohio St., 232, 85 N. E., 51.
 

 Whether a suit is one in chancery or an action at law is to be determined from the pleadings and from the nature and character of the relief sought.
 
 Raymond
 
 v.
 
 T., St. L. & K. C. Rd. Co.,
 
 57 Ohio St., 271, 48 N. E., 1093;
 
 Maginnis
 
 v.
 
 Schwab,
 
 24 Ohio St., 336. The application for the appointment of a receiver and an accounting and injunction was purely ancillary to the main relief sought, to wit, a recovery of a money judgment. Such averments did not make the case one in equity.
 
 Chapman
 
 v.
 
 Lee,
 
 45 Ohio St., 356, 13 N. E., 736;
 
 Lange
 
 v.
 
 Lange,
 
 69 Ohio St., 346, 69 N. E., 611;
 
 Fisher v. Bower,
 
 79 Ohio St., 248, 87 N. E., 256;
 
 Complete Bldg. Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817. The case of
 
 Forest City Investment Co.
 
 v.
 
 Haas,
 
 110 Ohio St., 188, 143 N. E., 549, is also in point and determinative of the matter of the appointment of a receiver.
 

 The pleadings in this case disclose that the recov
 
 *338
 
 ery of a money judgment for a breach, of contract was what was sought by the plaintiff, in the light of the plain averments of the petition and the denials of the answer, and there was thus presented an issue of fact which was triable to a jury, and therefore an action at law, which was not appealable, but was to be reviewed by petition in error. The application of the equitable principles set forth in the petition were only incidental to the determination of the right of the plaintiff to the money judgment which she sought, and did not make the action a chancery case, and hence appealable. The Court of Appeals was right in so holding, and it becomes our duty to affirm such judgment.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.