## COSGROVE v PENDLETON

Ohio Appeals, 2nd Dist, Franklin Co

No 2607.   Decided April 7, 1937

418

Ralph H. Henney, Columbus, for plaintiff-appellant.

Henry C. Binns, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is in this court on appeal from the judgment of the Probate Court of Franklin County, Ohio.

The appeal was perfected April 23, 1935, therefore is in this court for hearing de novo.

By agreement of counsel the cause was submitted on the transcript of the evidence taken in the Probate Court.

The following brief summary of facts will render understandable the nature of the controversy.

Plaintiff's decedent and defendant's decedent were husband and wife, residing as such in Columbus, Ohio, for a period of possibly more than fifty years.

Plaintiff's decedent, during his entire married life and possibly before, was an employee of the Hocking Valley Railroad, afterwards merged with and known as the C. & O. Railroad Company. In the later years he held a position as conductor and for about two years previous to his death had been retired on pension.

Defendant's decedent, in addition to her duties as housewife, was an artist, doing painting. Her principal field was hand-painted china. According to the evidence,

she had marked ability and sold her product at good prices. Her work along this line continued for many years, probably until the vogue for hand-painted china ceased to be popular. For a good part of the time she owned her own kiln, did her own firing and also baked hand-painted china for others, for which she received compensation.

No children were born to them.

The marriage relation was very congenial, in fact ideal. The husband, Edward Cosgrove, died October 26, 1932, and the wife, Ida May Cosgrove, died December 16th following.

At the time of the death of Edward Cosgrove he apparently had no estate. No administration of his estate was taken out until some time in 1934, and then probably for the purpose of this action orginally brought in the Probate Court of Franklin County, Ohio.

Ida May Cosgrove, according to the inventory of her estate, possessed property of the inventory value of approximately $36,-000.00. These assets consisted principally of certificates and deposits in financial institutions such as building and loans and banks. The face value of the listed assets was slightly more than $40,000.00.

The claim is made that at the time of their marriage neither had any property of substantial value. It is fairly inferable that this claim is correct.

During their married life the wife, Ida May Cosgrove, inherited from some three or four different estates, but so far as is disclosed from the evidence the amounts were very small. It would appear that the only source of income of the husband, Edward Cosgrove, was his salary. There are presented in the record, as exhiibts, photostatic copies of his salary checks from 1919 until the time of his death. Many of these in addition to the endorsement of Edward Cosgrove also bear the endorsement of the wife, Ida May Cosgrove. The investments in the various financial institutions are traced back to 1919. Generally the certificates and deposits are in the name of Ida May Cosgrove. For a short period of time prior to 1928 some appear in the name of Edward Cosgrove and Ida May Cosgrove, payable to either. Since 1928 all are in the name of Ida May Cosgrove. All endorsements on these investments were made by Ida May Cosgrove alone. The claim is made that the total income of Ida May Cosgrove from her china painting amounted to no more than $3000.00. In support of this there was one

witness who testified that Mrs. Cosgrove made the statement that she had made $3000.000 from her painting. Another witness testified to the fact that the husband, Mr. Cosgrove, had made the statement that his wife, Ida May, was making more out of her painting than he did from his salary on the road.

It is the claim of appellant that Ida May Cosgrove held the entire assets shown in the inventory as trustee.

Contra to this claim it is the contention of appellee that the record fails to disclose what, if any, money she received from her deceased husband, and, further, that if she did receive any, that it was a gift.'

There is no evidence supporting an express trust. If sustained at all it must be upon the theory of a resultant or constructive trust.

Counsel for the respective parties have filed very exhaustive and comprehensive briefs. Rarely indeed do we have the benefit of such able presentations.

In addition we have before us the able and comprehensive written opinion of the Probate Court. Further, there is also contained with the transcript of docket and journal entries a separate finding of fact and law by the Probate Court. The record, including the exhibits, is very lengthy. We have read and reread the transcript of testimony and examined each and all of the exhibits.

The law is rather well defined and there is no substantial conflict in the briefs of counsel as to the established law, but the divergence arises principally from its application.

It can serve no useful purpose to cite or quote from the numerous cases referred to in the briefs. We think counsel exhausted the subject through their citing not only Ohio decisions but those of many other jurisdictions throughout the United States.

It is universally held in this state as well as all others, that property turned over by a husband to his wife is presumptively a gift.

Wherever it is claimed to be a trust, the burden is upon the proponents of such claim to establish the trust by clear and convincing evidence. The courts have determined that such burden may be produced not only through direct but also circumstantial evidence. There is evidence in the record of statements made by the husband, Edward Cosgrove, that he turned over his salary checks to Mrs. Cosgrove, to do with as she pleased; that she was a good manager. Also testimony of statements made by both at different times that they were saving for their old age. There is no evidence either direct or inferable, that ever Edward Cosgrove questioned his wife's possession or right of possession of any property that he may have turned over to her.

Considering the record as a whole, after a careful analysis in the light of the law as we find it to be, we are unable to find adequate proof to establish appellant's theory of a trust. We think it falls far short of establishing the claim by clear and convincing evidence, as is required by the law. In the light of the congenial relations existing between this husband and wife there is nothing unnatural in Edward Cosgrove, if he did, turning over all his property to his wife and leaving nothing for himself.

This is frequently done by last wills and testaments and we find nothing incongruous in so doing before death. Had Edward Cosgrove outlived his wife, he would have inherited the property. Had the property already been in his name, she would have inherited it. The only distinction would be that after the death of both the rights of inheritance of their respective heirs would be different. There is evidence in the record of statements made by both that they were not concerned as to their relatives.

Without further narrative, we adopt as our own the very able opinion of the Probate Court. We find for the appellee.

Appellant's petition will be dismissed at his costs.

Exceptions will be allowed.

HORNBECK, J, concurs.
GEIGER, J, not participating