**SPENCER, Plaintiff-Appellee, v. SPENCER, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 512. Decided November 4, 1949.

Miller & Finney, Xenia, for plaintiff-appellee.

R. Stanley Lucas, Springfield, Eldon L. Hayes, Wilmington, for defendant-appellant.

### OPINION

By MILLER, PJ.:

This is a law appeal from a judgment granting a divorce to the plaintiff-appellee, Harold F. Spencer, Sr., on the grounds of extreme cruelty and adultery, and declaring certain real estate held in the wife's name to be held in trust for the plaintiff-appellee to the extent of $8000.00. The appeal is noted as one on law and fact but since the prime relief sought is a divorce the nature of the appeal governing divorce proceedings will control. The paramount relief sought shall govern the type of appeal. **Brundridge v. Goodlove, 30 Oh St 374; Fisher v. Bower, 79 Oh St 248; Wall v. Federation Co. 121 Oh St 334.**

The record discloses that on August 30, 1946, the appellant, Josie E. Spencer, filed her petition for divorce; that to this petition an answer and cross-petition was filed December 26, 1946; that proper service was had upon the parties and that the same came on for hearing on March 28, 1947; that on April 17, 1947, the decision of the court was filed, the same not being journalized until May 5, 1948. Neither party was granted a divorce and the status of the real estate was not determined. Sometime after the decision of the court was rendered, but before the filing of the judgment entry, the appellee filed a supplement to the answer and cross-petition, and on January 27, 1948, an amended answer and cross-petition was filed and service was had upon the appellant. On April 14, 1948, a motion was filed to the amended answer and cross-petition seeking a dismissal because of a misjoinder of causes of action. This motion was treated as a demurrer, which was sustained, the journal entry providing,

"This matter coming on now to be heard upon the amended. answer and cross petition and the motion of the plaintiff to strike the same from the files, the court finds that the said

amended answer and cross-petition sets forth as to the amended cross-petition a cause of action which is improperly joined with the original petition and the original answer and cross-petition heretofore filed herein by the respective parties; it is therefore ordered that the defendant, Harold F. Spencer, separately file the amended cross-petition in a separate action, separately docketed and separately numbered, and the Clerk of this Court is directed to refile said amended cross-petition in a separate action as of the original date the same was filed, and that said amended cross-petition shall proceed in the name of Harold F. Spencer as plaintiff against Josie E. Spencer as defendant to final determination without further service of summons on the said Josie E. Spencer, and the said Josie E. Spencer is herein granted thirty (30) days within which to plead to said amended cross-petition, which for the purposes of the separate action shall be designated as an original petition and proceedings shall follow thereon as provided by law."

The foregoing order with reference to redocketing of the case was made by virtue of §11312 GC, which provides:

"Procedure When Causes are Misjoined. When a demurrer is sustained on the ground of misjoinder of several causes of action, on motion of the plaintiff the Court may allow him, with or without cost, to file several petitions, each including such of the causes of action as might have been joined; and an action shall be docketed for each of the petitions and be proceeded in without further service."

The record discloses that on May 5, 1948, the amended answer and cross-petition was filed as ordered, a new case number was given and the case was styled as Harold F. Spencer, Sr., Plaintiff, v. Josie E. Spencer, Defendant. The amended answer and cross-petition was treated as a petition to which an answer was filed on May 18, 1948. The cause came on for hearing on October 25, 1948 and it was agreed that the record of the hearing on March 28, 1947 be admitted in evidence only for the purpose of establishing the property rights. Trial was had on the question of divorce and some additional evidence was offered with respect to the property rights. The court found the defendant guilty of adultery and extreme cruelty as alleged in the petition.

The first assignment of error is that the court erred in granting a divorce to the appellee, Harold F. Spencer. The

appellant is contending that the order of the court as entered on May 5, 1948, was a full and complete adjudication of all matters in issue between the parties to this action and constitutes res adjudicata and that the court was without jurisdiction to hear and determine the case upon the amended answer and cross-petition of the said Harold F. Spencer, Appellee. The appellant is correct in her assertion that a judgment is not rendered until the entry is filed and that a judgment of dismissal is a bar to future proceedings in a new action in any court as to all grounds for divorce alleged in the petition so dismissed or that were known to the plaintiff to exist at the time of the filing of the petition. But this is not our case. The cross-petition alleges that the act of cruelty complained of was committed on May 8, 1947, which was after the first trial which was held on March 28, 1947, and therefore could not have been in issue at that time. The journal entry of May 5, 1948, is clear upon this point, reciting that the judgment is based upon evidence submitted on March 28, 1947. The same situation is found to exist with regard to the charge of adultery, the cross-petition alleging that the acts were committed after May 8, 1947. The trial court expressly stated, in overruling the motion for new trial, "The divorce was granted upon grounds which occurred after the former hearing and solely upon those grounds."

We have examined the entire record and find that there is sufficient evidence to support the judgment. It is the sole province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony. We cannot disturb the finding of the trial court on this question.

The next error assigned is that the court erred in the finding that the real estate in question was held by Josie E. Spencer in trust for the benefit of Harold F. Spencer, Appellee, and fixing his interest in the sum of $8000.00. The law seems to be well established that there is a presumption of gift when property is turned over to a wife by her husband; that the burden of proving a resultant and constructive trust is upon the one claiming such trust and he must establish it by clear and convincing evidence. **Creed v. Lancaster Bank, 1 Oh St p. 1; Cosgrave v. Pendleton, 24 Abs 417.** But the trial court found that the presumption of a gift had been overcome. The journal entry recites:

"Coming now to the question of property rights between

the parties, the court finds from the evidence adduced that her actions immediately prior to and at the time of the transaction in which the farm was purchased was extremely deceitful and that her efforts were calculated to obtain title to the premises in her own name, then break off her relations with the defendant, plaintiff herein Harold F. Spencer, Sr. The court further finds that her course of conduct following the transaction corroborates the foregoing finding.

The court further finds that from the evidence that any presumption of a gift from the husband to the wife was overcome by the evidence of coercion and deceit on the part of the wife in obtaining the property."

We think that the record supports the conclusions of the trial court on this subject.

Finding no error in the record the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 512. Decided December 16, 1949.

By THE COURT:

We have an application for rehearing, which upon a technical interpretation of our rules would not be considered, because at present we have no provision for the reconsideration of an opinion on an application for rehearing. **Nickerson v. Nickerson, 85 Oh Ap 372.**

We accept the explanation for the delay made by one of counsel for defendant and recognize it as valid.

We are not irrevocably committed to the dismissal of all applications for rehearing and if it clearly appears that we have overlooked something suggested on the original hearing, or have clearly made an improper decision, we will entertain the application.

It is urged on the application that the trial court exceeded its jurisdiction in granting relief to the plaintiff-appellee in that it invoked equity powers. This jurisdictional question was not urged in the former assignment of errors and, therefore, was not properly before us for determination. However, we observe that this cause did not go to trial on the divorce and alimony aspects alone but upon a second cause of action which was equitable in its nature. The trial court being a court of general jurisdiction had power to consider and act upon the equitable cause of action.

We find no sufficient support for the ground assigned in the application for rehearing to require that it be granted. It will, therefore, be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.