PETTRY, Appellee,

v.

PETTRY, Appellant.

[Cite as *Pettry v. Pettry* (1991), 81 Ohio App.3d 30.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–187.

Decided June 4, 1991.

*R. Chris Harbold,* for appellee.

*Turner & Wright* and *Carol A. Wright,* for appellant.

---

WHITESIDE, Judge.

Defendant, Cheryl A. Pettry, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises two assignments of error, as follows:

"Assignment of Error No. 1:

"(A) The trial court abused its discretion in failing to find the marital residence was appellant's separate property, in light of the evidence submitted.

"(B) The trial court abused its discretion in failing to award appellant $5,000.00 for the $5,000.00 gift from appellant's parents for the down payment on the marital residence.

"Assignment of Error No. 2:

"The trial court erred and abused its discretion in failing to order that appellee continue to maintain medical/hospitalization insurance on appellant for at least as long as there exists any alimony obligation."

At the time the trial court granted a divorce to plaintiff, Roger W. Pettry, upon the grounds that the parties had been living separate and apart for more than one year, the parties had been married for more than nineteen years. Three children were born of the marriage, two of whom were still minors. Pursuant to a stipulation of the parties, a split-custody arrangement was

ordered, with plaintiff being ordered to pay child support in the amount of $316.20 per month, based upon his income of $45,000, and defendant's income of $15,000. Plaintiff was also ordered to maintain medical and hospitalization insurance for both children.

The court found that the parties' residence was marital property and had a fair market value of $107,000. However, plaintiff had previously signed a quit-claim deed, giving his interest in the property to defendant. Additionally, the court found that the parties' business, Inspiration, Inc., was a marital asset with a value of $25,000. The debts of the parties included a first mortgage in the amount of $30,154, a line of credit in the amount of $38,878, IRS assessments totalling $26,000 and personal debts of more than $25,000. The business debts included a past tax debt of $7,933.01 and additional tax debt of $2,883.03.

The court ordered that the marital home be sold for no less than its fair market value, with the proceeds to be applied first to pay both mortgages and the IRS assessments. Any remaining proceeds would be applied to certain joint debts. All additional joint debts were required to be paid by plaintiff, who was also ordered to pay mortgage taxes and insurance on the residence until sold. Defendant was ordered to pay all utilities. Plaintiff was awarded the business and all debts and taxes associated directly with it, as well as his life insurance policies. There was an unvalued chose in action against a previous business attorney/accountant, and each party was awarded one half of it. Plaintiff was also awarded his Huntington National Bank checking accounts and an automobile. Defendant was awarded her automobile, her life insurance policies, and her checking accounts. In addition, the court awarded defendant sustenance alimony in the amount of $400 per month for a period of five years and partial attorney fees of $2,000. Following the decree of divorce, defendant filed a motion for new trial and a request for further findings of fact. These motions were both overruled, resulting in this appeal.

By the first assignment of error, defendant contends that the trial court erred and abused its discretion in finding the residence to be marital property rather than defendant's separate property. The evidence is undisputed that plaintiff by quit-claim deed had transferred his interest in the residence at a time the parties had reconciled after a previous separation. At the hearing, he testified in part that:

" * * * I know it was deeded, my name is on it, but the particular reason of why it was deeded, I truthfully—I really couldn't tell you."

However, just before that, he did state that: "It has something to do with the business, something to do with The Inspiration, but I couldn't tell you." When specifically asked whether the deed was given to defendant as a gift

because of marital conflict and reconciliation, he stated: "I don't have anything stating that. I don't recall that whatsoever. If there is anything on it, I would like to see it." However, when more specifically asked, did he "intend to make a gift," he emphatically said, "No, I did not."

In the decision, the trial court stated:

"The Court finds that the marital residence at 1349 Knollwood is marital property and that *defendant has not shown by a preponderance of the evidence* that plaintiff intended the transfer to defendant's name as a gift. * * * " (Emphasis added.)

Plaintiff contends that his testimony supports this conclusion of the trial court and, accordingly, there is no error or abuse of discretion on the part of the trial court in considering the residence to be marital property. Defendant, on the other hand, contends that the only conclusion that can reasonably be reached from the evidence is that the quit-claim deed did constitute a gift from plaintiff to defendant. Defendant also points out that property, even though purchased with marital assets, is no longer marital property when given as a gift from one party to another, citing *Slife v. Slife* (Dec. 31, 1987), Franklin App. No. 85AP–701, unreported, 1987 WL 32231.

At the outset, we must determine whether the trial court properly placed the burden upon defendant to prove that the quit-claim deed was a gift. The quit-claim deed states that:

"Roger W. Pettry, Husband of the Grantee * * * for valuable consideration paid, grants to Cheryl A. Pettry * * * the following REAL PROPERTY * * *."

The deed is properly witnessed and acknowledged as being plaintiff's "voluntary act and deed." The deed also bears a county auditor's stamp "Transfer Tax Exempt," and was duly recorded in the county recorder's office. In *Spencer v. Spencer* (1949), 87 Ohio App. 539, 542–543, 56 Ohio Law Abs. 85, 88, 43 O.O. 353, 355, 89 N.E.2d 496, 499, the Second District Court of Appeals stated:

" * * * The law seems to be well established that there is a presumption of gift when property is turned over to a wife by her husband; that the burden of proving a resultant and constructive trust is upon the one claiming such trust and he must establish it by clear and convincing evidence. * * * "

*Spencer* also involved a divorce action and a transfer of real estate from the husband to the wife prior to a divorce.

That decision is consistent with the general proposition that a deed executed in conformity to the applicable statute (R.C. Chapter 5301) is conclusive of the facts stated therein, and the grantor of such a deed cannot

assert rights contrary to the terms of the deed without first securing reformation or cancellation of the deed. See *Natl. Bank v. Wheelock* (1895), 52 Ohio St. 534, 40 N.E. 636; *Willis v. Baker* (1906), 75 Ohio St. 291, 79 N.E. 466. See, also, *Gardner v. Kern* (1926), 115 Ohio St. 575, 155 N.E. 134. Accordingly, the burden is upon the person challenging the effectiveness of a deed executed in accordance with statutory requirements to accomplish the conveyance set forth therein. In other words, there was no burden upon defendant to prove that plaintiff intended a gift by the quit-claim deed by which he transferred all his interest in the property to her. Rather, the burden was upon plaintiff to demonstrate that in some fashion the deed was not intended as an outright complete transfer of all of plaintiff's interest in the property to his wife, defendant, in accordance with the express terms of the deed.

■ Plaintiff now contends to the effect that some type of trust was intended, with some reservation of rights in himself, although he has not been explicit as to the nature of those rights. The deed, however, recites that it was one for a valuable consideration and specifically recites part of the consideration, as follows:

"Except taxes and assessments due and payable in January, 1978 installment and thereafter, which the Grantee assumes and agrees to pay as part of the consideration herein."

In other words, attempting to escape the effect of the unqualified quit-claim deed by which plaintiff transferred all of his interest in the residence property to defendant constitutes an affirmative defense. See Civ.R. 8(C). We are not unmindful of R.C. 3105.171, which became effective January 1, 1991. Nevertheless, as we held in *Slife*, the transfer of property from one spouse to another, by gift or otherwise, renders such property the separate property of the spouse to whom conveyed unless it is otherwise demonstrated by appropriate evidence.

Accordingly, the trial court did err in finding the quit-claim deed to be ineffectual because defendant had not demonstrated by a preponderance of the evidence that plaintiff intended the transfer to be a gift since the burden was upon plaintiff, not defendant, to demonstrate that the deed was not effectual. Therefore, the first issue raised under the first assignment of error is well taken.

■ As to the $5,000 allegedly advanced as a down payment for the purchase of the residence, we find no error nor abuse of discretion on the part of the trial court. Accepting defendant's testimony that the down payment was advanced by her parents, she has not demonstrated that the gift was

intended to be a separate gift to her, rather than a gift to the marriage. Present R.C. 3105.171(A)(6)(a)(vii) expressly provides that a gift received by the married couple during marriage shall be deemed to be marital property unless it "is proven by clear and convincing evidence to have been given to only one spouse." We find that this was also the rule at common law, although common law may have required only a preponderance of the evidence. Here, the evidence does not demonstrate that the gift by defendant's parents for the down payment for the family residence was intended as a gift solely to defendant, rather than a gift to both parties to the marriage. Accordingly, the second issue raised under the first assignment of error is not well taken. Nevertheless, to the extent indicated above, the first assignment of error is well taken.

By her second assignment of error, defendant contends that the trial court erred and abused its discretion in failing to order plaintiff to continue to maintain medical insurance for defendant so long as there exists an alimony obligation. She points out that she was employed as a free-lance interpreter and also was a student. Previously, medical insurance was maintained for the entire family through the parties' corporate business, Inspiration, Inc. Defendant further points out that she has several ongoing medical problems.

Plaintiff, on the other hand, contends that the trial court's order does not constitute an abuse of discretion by awarding sustenance alimony of $400 per month without further provision for medical insurance. As plaintiff points out, the trial court found that he has an earning ability of $45,000 per year, while defendant has earned $15,000 per year working part-time. Plaintiff also points out that the trial court awarded custody of the parties' younger child to him, without requiring defendant to pay child support, while he was ordered to pay $316.20 per month child support for the parties' older minor child, who, according to him, has since been emancipated. The parties' third and oldest child was emancipated at the time of the decree.

Although the trial court's decision recognizes defendant's "fragile health," no mention is made either in the decision or the decree as to health insurance for defendant. Nevertheless, defendant has not demonstrated an abuse of discretion on the part of the trial court. At best for defendant, the question of whether provision for health insurance in addition to $400 per month alimony should be made for defendant's benefit is a matter upon which reasonable minds could differ in light of the evidence adduced and the other findings of the trial court. An abuse of discretion cannot be found under such circumstances. Accordingly, the second assignment of error is not well taken.

As we indicated above, we find that the trial court erred in placing the burden upon defendant to prove by a preponderance of the evidence that a

gift was intended by the unqualified transfer by quit-claim deed of plaintiff's interest in the residence property to defendant. Nevertheless, this does not automatically mean that the trial court cannot award an interest in said property to plaintiff under all the attendant circumstances involved. However, whether to do so must be predicated upon a recognition that the marital residence is defendant's separate property unless plaintiff proves by the requisite degree of evidence either that the deed should be set aside or that a trust should be imposed thereon.

Accordingly, for the foregoing reasons, the first assignment of error is sustained, the second assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed with respect to the division of property but is otherwise affirmed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion, with the costs of this appeal assessed against plaintiff.

*Judgment accordingly.*

BOWMAN and PETREE, JJ., concur.