Joan L. Parsons and James Parsons were married on October 17, 1965. They separated in 1993. Ms. Parsons filed a complaint for a legal separation and separate maintenance in November of 1997. Mr. Parsons responded with a counter-claim seeking a divorce. The divorce case was ultimately tried in December of 1998.
In February of 1999, the trial court journalized a judgment entry — decree of divorce. The decree of divorce is twenty-eight pages in length and includes a detailed analysis of the factors which must be considered when property is distributed and spousal support is awarded.
Ms. Parsons has pursued a direct appeal of the judgment entry — decree of divorce, assigning eight errors for our consideration:
Assignment of Error No. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY AWARDING A MEAGER AMOUNT OF SPOUSAL SUPPORT GIVEN THE DURATION OF THE PARTIES' MARRIAGE, APPELLEE'S SUBSTANTIAL EARNING ABILITY AND APPELLANT'S COMPLETE LACK OF WORK HISTORY.
Assignment of Error No. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ISSUING A DURATIONAL SPOUSAL SUPPORT AWARD GIVEN THE LONG DURATION OF THE PARTIES' MARRIAGE.
Assignment of Error No. 3
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MAKING THE SPOUSAL SUPPORT AWARD AUTOMATICALLY TERMINABLE UPON COHABITATION.
Assignment of Error No. 4
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO AWARD APELLANT ANY OF HER ATTORNEY[`]S FEES.
Assignment of Error No. 5
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO ENFORCE THE JAIL SENTENCE PREVIOUSLY IMPOSED UPON APPELLEE FOR FAILURE TO PAY TEMPORARY SPOUSAL SUPPORT AS ORDERED.
Assignment of Error No. 6.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING THAT THE RESIDENCE WAS NOT APPELLANT'S SEPARATE PROPERTY.
Assignment of Error No. 7
 THE DIVISION OF PROPERTY AS ORDERED BY THE TRIAL COURT VIOLATED WELL-SETTLED LAW.
Assignment of Error No. 8
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S MOTION FOR A NEW TRIAL.
By her first assignment of error, Ms. Parsons argues that the trial court erred in ordering an inadequate amount of spousal support for her. Pursuant to R.C. 3105.18, a trial court must consider certain enumerated factors in determining spousal support awards.
The trial court found that the termination date for the marriage was the date of trial. Thus, the parties were married for thirty-three years, a marriage of long duration by any reasonable standard. While the parties resided together, Ms. Parsons was not employed outside the home. Even after the parties had separated and the youngest child of the parties had completed high school, Ms. Parsons chose not to pursue employment outside the home immediately. Eventually, she took a job at a bank working sixteen hours per week at a rate of $7.50 per hour.
Testimony at trial indicated that Ms. Parsons has had a license as a dental hygienist for over thirty years but has never been employed as a dental hygienist. The demand for dental hygienists is relatively high, which led the trial court to find that Ms. Parsons could earn $35,000 if she would take a refresher course at The Ohio State University and accept full-time employment. To encourage Ms. Parsons to pursue this course of action, the trial court awarded spousal support in the sum of $1,000 per month until the spring of 2000 and then reduced the spousal support to $700 per month thereafter. In theory, Ms. Parsons was being awarded the higher sum until she could establish herself as a dental hygienist. Spousal support was ordered to continue until Ms. Parsons' sixty-fifth birthday, when presumably she could begin receiving social security at the rate of $637 per month.
The trial court was not able to know with clarity what the economic future holds for Mr. Parsons. He had worked as a management recruiter and as a teacher at Franklin University for many years. He had lost a good job with Ohio Health through no apparent fault of his own. As a result, he had started his own management company while continuing to teach at Franklin University.
Ms. Parsons left the marriage with a piece of vacant land in Upper Arlington, which had been appraised at $200,000. She also had been awarded the marital residence of the parties, valued at $232,500 by the trial court. To equalize the distribution of assets, exclusive of the vacant lot, the trial court had awarded Mr. Parsons $64,471.52. After payment of this sum, Ms. Parsons could still be expected to have a substantial sum to invest for additional income if she chose to sell either or both pieces of property.
The trial court thoroughly considered the factors set forth in R.C. 3105.18 and arrived at a reasonable amount of spousal support. Therefore, we cannot say that the trial court abused its discretion in this respect.
The first assignment of error is overruled.
Turning to the second assignment of error, Ms. Parsons takes issue with the duration of the spousal support award. Specifically, as indicated above, the trial court ordered that spousal support terminate automatically upon Ms. Parsons' sixty-fifth birthday. For the reasons which follow, we view this automatic termination of spousal support as being an abuse of discretion.
In Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, the Supreme Court of Ohio held, at paragraph one of the syllabus:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities. (Emphasis added.)
Given the facts of this case, including the long duration of the parties' marriage and the speculative nature of the trial court's rationale, the court erred in ordering that spousal support be terminated automatically upon Ms. Parsons' sixty-fifth birthday. In our view, the spousal support award should be made permanent, but subject to modification.
As discussed above, the trial court's rationale in terminating spousal support upon Ms. Parsons' sixty-fifth birthday was largely based upon the assumption that she would then begin receiving social security at the rate of $637 per month. We deem this an insufficient basis upon which to terminate her support. The trial court should retain jurisdiction and allow the parties to seek modification of spousal support in the event of any now-unforeseeable circumstances.
The second assignment of error is sustained.
In the third assignment of error, Ms. Parsons challenges the decision of the trial court to terminate spousal support automatically upon cohabitation with an unrelated male for longer than six months. The propriety and enforceability of such a condition has been addressed by this court previously in Thomas v.Thomas (1991), 76 Ohio App.3d 482. We see no reason to reverse the Thomas ruling at this time.
The third assignment of error is overruled.
In her fourth assignment of error, Ms. Parsons contends that the trial court abused its discretion in not awarding attorney fees.
Given the significant value of the unencumbered real estate which Ms. Parsons owns, the trial court acted well within its discretion in determining that she be responsible for her own attorney fees. Ms. Parsons has failed to demonstrate that the trial court abused its broad discretion in finding that she has the ability to compensate her attorney out of her own assets.
The fourth assignment of error is overruled.
The fifth assignment of error is also overruled. The trial court was also well within its discretion to refuse to incarcerate Mr. Parsons based upon his failure to liquidate his arrearage in spousal support before the trial. A restraining order entered by the trial court restricted the ability of Mr. Parsons to liquidate the arrearage before trial. After he was awarded liquid assets in the judgment entry — decree of divorce, he had the ability to pay the $5,062.76 promptly. The trial court made the appropriate decision regarding incarceration under the circumstances.
In her sixth assignment of error, Ms. Parsons attacks the trial court's finding that the marital residence was marital property for purposes of the distribution of property in the judgment entry — decree of divorce. Counsel for Ms. Parsons asserts that the trial court's decision on this issue is inconsistent with our earlier case of Pettry v. Pettry (1991), 81 Ohio App.3d 30. The trial court, in making its decision, relied upon a different case from this court, Slife v. Slife (Dec. 31, 1987), Franklin App. No. 85AP-701, unreported (1987 Opinions 3452). We, therefore, analyze the applicability of these two cases to the facts of this case.
In the Pettry case, the parties had had joint ownership of the marital residence until the husband executed a quitclaim deed transferring his interest to his wife during the marriage. The house had a fair market value of $107,000, but had little net equity because it was encumbered with a first mortgage in the sum of $30,154, a line of credit in the amount of $38,878, and an IRS assessment totaling $26,000. The parties also had personal debts of $25,000. The trial court ordered the residence to be sold and the proceeds applied toward those debts, despite the fact the parties still had two minor children residing at home.
In overturning the trial court's disposition of property, a panel of this court found that "the transfer of property from one spouse to another, by gift or otherwise, renders such property the separate property of the spouse to whom conveyed unless it is otherwise demonstrated by appropriate evidence."Pettry at 34. In making this ruling, the panel relied upon Slife,supra.
The Slife case was authored by the same judge who authored the Pettry case. At the time of the Slife case, Ohio had no statutory definition of marital property. Slife acknowledged the holding of Berish v. Berish (1982), 69 Ohio St.2d 318, that assets acquired by the joint efforts of the parties should be, upon termination of the marriage, eligible for distribution between the parties. The Slife case addresses the issue of marital property in the context of gifts of personal property. A dissenting judge viewed transfers which occur during the marriage as not affecting the status of the property as marital property.
In the case of Joan and James Parsons, Ms. Parsons received a piece of property at 2775 Fairfax Drive as a gift from her parents in 1972. The parties subsequently built the marital residence on that piece of property. In 1988, Ms. Parsons received from her mother a gift of the vacant lot adjacent to 2775 Fairfax Drive. The trial court considered the vacant lot to be the separate property of Ms. Parsons.
The marital residence was treated as marital property based upon several factors. The parties jointly built the house. The mortgage was paid for twenty-five years with marital funds. The maintenance of the house and real estate was performed with the use of marital funds.
The trial court did not feel bound by a document entitled "Disposition of Property of James A. Parsons." In the document, Mr. Parsons stated that he was relinquishing his rights to all possessions and property listed. The document specifically lists the house located at 2775 Fairfax Drive.
The trial judge did not feel bound by the document for two separate reasons. First, the document did not meet the legal requirements for a separation agreement because the parties did not separate until several months later. Second, the terms of the document were not fair, reasonable or just.
We agree with the trial court's treatment of the residence at 2775 Fairfax Drive, especially based upon the second theory. The attempt of Mr. Parson's to alleviate the stress his wife was encountering at the prospect of losing her house does not cause him to be permanently bound by the terms of the document to be signed, especially where it does not constitute a separation agreement.
The sixth assignment of error is overruled.
The seventh assignment of error also attacks the trial court's disposition of property. The trial judge acceded to the wishes of the parties and awarded all the real estate interests to Ms. Parsons. In order to equalize the distribution of assets, the trial judge awarded the liquid assets to Mr. Parsons and made a separate cash award of $64,471.52. In making this set of awards of cash and liquid assets, the trial court was complying as best it could with the statutory mandate to equalize the distribution of assets while giving consideration to the wishes of the parties that Ms. Parsons not be removed from the residence which had been the physical center of her life as a homemaker. The trial court's orders certainly did not constitute an abuse of discretion.
Obviously, Ms. Parsons can convert some of her real estate into liquid assets if she chooses. The vacant lot was estimated to be worth $200,000 or more. Sale of the lot would normally cause income to be generated, which would be taxed at a capital gains rate. Sale of the residence would normally not generate any tax consequences, given the age and residential history of Ms. Parsons. Obviously, Ms. Parsons could have other reasons for retaining the residence. However, the assets in question are clearly marketable.
The seventh assignment of error is overruled.
In the eighth and final assignment of error, Ms. Parsons assigns as error the failure of the trial court to sustain her motion for a new trial.
The motion for new trial centered upon allegations that Ms. Parsons had an arthritic hand condition and that she needed surgery. The theory presented in the motion suggested that her health was worse than demonstrated at trial and that the health problems affected her ability to become a practicing dental hygienist.
Knowledge regarding her health was uniquely in the possession of Ms. Parsons. The record does not establish a credible explanation as to why more information about her health was unavailable at trial. The trial court chose to encourage the parties to avail themselves of the continuing jurisdiction of the court on the issue of spousal support, rather than overturn the judgment entry — decree of divorce. The trial court again acted within its sound discretion.
The eighth assignment of error is overruled.
Having overruled assignments of error one and three through eight, and sustained the second assignment of error, the judgment of the trial court is affirmed in part and reversed in part. The judgment of the trial court is reversed only as to the durational aspect of the spousal support order. This cause is remanded to the trial court with instructions to vacate the durational aspect of the spousal support order and to enter a new order awarding permanent spousal support, subject to modification. In all other respects, the judgment of the trial court is affirmed.
Judgment affirmed in part and reversed in part; cause remandedwith instructions.
BROWN and KENNEDY, JJ., concur.