OPINION
This appeal is brought by Appellant Robert O. Lust from the judgment of the Court of Common Pleas, Wyandot County, Domestic Relations Division granting Appellee Willough G. Lust a divorce from Appellant and dividing the parties' marital estate.
Robert and Willough Lust were married on November 17, 1973. Two children were born as issue of their marriage and have since been emancipated. Robert was employed as a teacher at the outset of the marriage but in 1976 abandoned this profession to take up farming. Willough worked as stay at home mother for the majority of the marriage and has not held a job since 1977. Willough and Robert acquired substantial assets during their marriage and have little debt. In addition, Willough, a victim of medical malpractice, is legally blind, partially deaf, has two artificial valves in her heart and has had both of her legs amputated. Willough received a substantial settlement for these injuries as the result of a medical malpractice suit she and Robert filed in 1991.
Willough filed a complaint for divorce on January 3, 2000, alleging Robert's gross neglect, extreme cruelty and incompatibility. The matter was heard by a magistrate on June 18-19, 2001. The magistrate issued a decision on August 3, 2001 and with the exception of one minor alteration, the trial court adopted this decision on February 15, 2002. On March 5, 2002 the trial court entered a Judgment Entry Decree of Divorce without Minor Children. It is from this order that Appellant now appeals.
Appellant raises the following assignments of error:
The Trial Court erred to the prejudice of Appellant by adopting the Magistrate's Decision in holding the real property held in Appellant's name was the marital property of the two parties.
The Trial Court erred to the prejudice of Appellant by adopting the Magistrate's Decision in holding the entire proceeds from a medical malpractice suit was separate property of Appellee and failed to designate any portion of the settlement as the separate property of Appellant for settlement of his claims in the original lawsuit.
The Trial Court erred to the prejudice of Appellant by adopting the Magistrate's Decision in ordering Appellant to pay spousal support to Appellee in light of the division of the assets and liabilities of the parties.
The Trial Court erred to the prejudice of Appellant by adopting the Magistrate's Decision which decision failed to make an equitable division of martial assets.
The Trial Court erred to the prejudice of Appellant by adopting the Magistrate's Decision in discounting the appraisal of the parties assets completed by Appellant's experts.
The Trial Court erred to the prejudice of Appellant by signing the Judgment Entry Decree of Divorce Without Minor Children prepared by Counsel of Appellee in that said Judgment Entry was not prepared strictly adhering to the Judgment Entry of the Court but was supplemented by Counsel for Appellee.
 First and Second Assignments of Error: Classification of Property as Marital or Separate
In his first and second assignments of error, Appellant contends that the trial court erred when it adopted the magistrate's decision declaring two parcels of real estate to be marital property and declaring Appellee's medical malpractice settlement to be her separate property. For the reasons stated below, we overrule both assignments of error.
In divorce proceedings, a trial court is charged with the duty to distinguish between marital property and separate property in accordance with the respective definitions set forth in R.C. 3105.171(A).Kerchenfaut v. Kerchenfaut (Sept. 5, 2001), Allen App. No. 1-01-14, 2001-Ohio-2259. A trial court has broad discretion in discharging this duty. Leathem v. Leathem (1994), 94 Ohio App.3d 470, 640 N.E.2d 1210. Therefore, an appellate court will not disturb the trial court's classifications of separate or martial property absent a showing of abuse of discretion. Krisher v. Krisher (1992), 82 Ohio App.3d 159,611 N.E.2d 499. An "abuse of discretion" occurs when a court's actions are unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Marital property includes property that currently is owned by either or both spouses and that was acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(i). Property acquired during marriage is presumed to be marital in nature unless it can be shown to be separate. Id. The party seeking to have certain property declared separate assumes the burden of showing by a preponderance of the evidence that such property meets the statutory definition of "separate."Kerchenfaut v. Kerchenfaut (Sept. 5, 2001), Allen App. No. 1-01-14, 2001-Ohio-2259; Okos v. Okos (2000), 137 Ohio App.3d 563; Peck v. Peck
(1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300.
In his first assignment of error, Appellant disputes the magistrate's classification of two tracts of real estate, identified as the 41.1 acre tract and the 39.5 acre tract, as marital property. The record reflects that the parcels of land in question were transferred by quitclaim deed to the Appellant by the Appellee on February 2, 1993. Appellant asserts that this transaction makes the real estate his separate property.
The holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property. R.C. 3105.171(H). Appellant, nevertheless, argues that the mere existence of the properly executed quitclaim deeds establishes that the real estate is his separate property. Appellant supports his position with a case decided by the Tenth District Court of Appeals, Pettry v. Pettry (1991), 81Ohio App.3d 30,610 N.E.2d 443. In Pettry, the court held that a quitclaim deed executed between spouses raised the presumption that the transfer was a gift, thereby rendering the property the transferee's separate property and shifting the burden to the transferor to show otherwise. Id at 34.
Appellant's reliance on Pettry is misguided for two reasons. First of all, the appellant in Pettry argued that a properly executed quitclaim deed established the donative intent of the transferor spouse. The donative intent was significant because of the presumption that property is separate if it was specifically given to one spouse. R.C.3105.171(A)(6)(a)(vii). However, in the case sub judice, Appellant does not argue donative intent, and furthermore explicitly states that Appellee did not execute the quitclaim deed as a gift. Instead, he argues that the Appellee properly transferred the property to him, therefore, it his her burden to show that the transfer was improper. Appellant's argument is in direct conflict with R.C. 3105.171(H) which clearly states that names on deeds do not determine the marital or separate nature of property. The second reason Appellant's reliance on Pettry is misguided is that the Tenth District overturned the Pettry decision inBarkley v. Barkley (1997), 119 Ohio App.3d 155; 694 N.E.2d 989 and in doing so recognized that R.C. 3105.171(H), as stated above, negates any presumption of a gift when one spouse deeds property to another spouse during the course of their marriage. Id at 161. The Barkley court further stated:
 "Thus, we believe that R.C. 3105.171(H) means that the form of title is relevant to, but not conclusive of, the classification of property as being either marital or separate. In other words, property held jointly may ultimately be determined to be separate." Id.
Appellant fails to present evidence that the two parcels of real property fell within one of the definitions of separate property as set forth in R.C. 3105.171(A)(6) and therefore fails to meet his burden of proof. The magistrate's conclusion, identifying the two parcels as marital property, is supported by the manifest weight of the evidence. Accordingly, the trial court did not abuse its discretion by adopting the magistrate's conclusions. Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant argues that the magistrate failed to award him his separate property interest in the medical malpractice settlement awarded to the Appellee. Compensation given to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets, is presumed to be separate. R.C. 3105.171(A)(6)(a)(vi). Appellant argues that the magistrate failed to consider the portion of the settlement intended to compensate him for his loss of consortium claim.
However, the record does not include evidence indicating which portion of the medical malpractice settlement was intended to cover Appellant's loss of consortium. Appellant admits that the settlement agreement does not specifically dedicate funds for his personal injury but points out that the settlement was meant to cure all claims, which by reference includes his loss of consortium. The magistrate expressed doubt that the settlement was intended for his personal injury, but giving him the benefit of that doubt, determined that, "The amount the Defendant has enjoyed to date far exceeds the value of his loss of consortium." The manifest weight of the record supports this conclusion. Therefore, we find no abuse of discretion in the trial court's subsequent adoption of the magistrate's conclusion. Accordingly, Appellant's second assignment of error is overruled.
 Third Assignment of Error: Spousal Support
In his third assignment of error, Appellant argues that the trial court erred when it affirmed the magistrate's decision to award spousal support to the Appellee in the amount of $400 per month. Appellant claims that the trial court failed to consider the financial impact of its order with respect to his finances and furthermore failed to consider statutorily mandated factors.
Spousal support is defined in R.C. 3105.18 as "any payment or payments * * * that is both for sustenance and for support of the spouse or former spouse." Spousal support is awarded according to the obligee's need for support and the obligor's ability to pay. Layne v. Layne (1992),83 Ohio App.3d 559, 562-63, 615 N.E.2d 332. It is well-settled that a trial court has broad discretion in fashioning an award of spousal support. Lee v. Lee (Aug. 17, 2001), Shelby App. No. 17-01-05. We review a spousal support award under an abuse of discretion standard. Booth v.Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.
The Ohio Revised Code requires a trial court to consider each of the factors listed in R.C. 3105.18(C)(1) when making a determination of whether spousal support is appropriate. Additionally, specific findings must be made by the trial court to enable a reviewing court to determine the reasonableness of its order to grant or deny a request for spousal support and that the relevant factors within R.C. 3105.18 were considered. This court has held on numerous occasions that while the factors of R.C. 3105.18(C)(1) must be considered, "the failure of the trial court to specifically `enumerate' those factors does not constitute reversible error." Lee v. Lee (Aug. 17, 2001), Shelby App. No. 17-01-05, citing Moore v. Moore (June 18, 1999), Van Wert App. No. 15-98-22. As long as the record reflects that the trial court considered the factors in 3105.18(C)(1), the award for spousal support will be upheld. Fisherv. Fisher (March 22, 2002), Henry App. No. 7-01-12, 2002-Ohio-1297,¶ 56.
In the case at bar, the record reflects that the magistrate considered the factors in R.C. 3105.18(C)(1) including Appellant and Appellee's income, health, employment opportunities, future earning capacity and retirement benefits. The magistrate also considered the length of the marriage and the standard of living the parties enjoyed while married. Indeed, the magistrate's decision goes into great detail, clearly explaining the rationale behind the support order and furthermore basing the decision on Appellee's need and the Appellant's ability to pay. Appellant cannot demonstrate reversible error simply because he disagrees with the trial court's computations or conclusions. Rather, Appellant must demonstrate that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Our review of the magistrate's decision and the trial court's judgment entry reveals no abuse of discretion. Accordingly, Appellant's third assignment of error is overruled.
 Fourth Fifth Assignment of Error: Division of Marital Assets
In his fourth and fifth assignments of error Appellant submits several arguments as to why the magistrate, and thereafter the trial court, failed to equitably distribute the parties' assets. For the reasons stated hereafter, we overrule both assignments of error.
Once a trial court determines which property is separate and which is marital, it then must divide the marital and separate property equitably between the spouses. R.C. 3105.171(B). Even though the court should start with a potentially equal division of the parties' assets, the division does not have to be equal to be equitable. Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293. Thus, a trial court has broad discretion in determining an equitable property distribution. Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609, 1994-Ohio-307, 635 N.E.2d 308;James v. James (1995), 101 Ohio App.3d 668, 656 N.E.2d 399. As long as the distribution ordered by the court is not unreasonable, arbitrary, or unconscionable, the court acts within its discretion in fashioning an award. Martin v. Martin (1985), 18 Ohio St.3d 292, 480 N.E.2d 1112.
In his fourth assignment of error Appellant avers that the magistrate failed to equally distribute the parties' assets since the final distribution failed to give due consideration to possible conflicts should the parties be forced to sell their assets. Appellant further argues that the magistrate failed to credit him for certain expenses he incurred for the Appellee's healthcare during the pendency of the divorce proceedings. We will address the latter argument first.
The Appellant assigns error to two separate instances in which the magistrate allegedly failed to credit him for money he expended on Appellee during the pendency of the divorce. First, with respect to a First National Bank Certificate of Deposit #540-227-22, the magistrate determined that the Appellant withdrew a large sum of money from this account during the pendency of the divorce, however to the extent those funds were expended to benefit the Appellee and the parties' children, the withdrawals were not a misuse of marital assets. Thereafter, the magistrate concluded that the current balance of the account, rather than the balance at the time Appellee filed her complaint for divorce, was the proper amount to be divided equally between the parties. The Appellant contends that he should be reimbursed for funds withdrawn to pay for Appellee's health insurance premiums. The second payment for which Appellant wishes to be reimbursed is a $900 payment he made towards Appellee's leg prosthesis.
In Ohio, marital property is valued for purposes of distribution as of the date of the final divorce hearing. R.C. 3105.171(A)(2)(b). This is true even though it is evident that parties will incur normal expenses and therefore be forced to deplete marital property during the pendency of a divorce. However, if the application of this general rule creates an inequity, the trial court has the discretion to assign an alternate date for property valuation. R.C. 3105.171(A)(2)(b). In addition, should a trial court determine that a spouse has engaged in financial misconduct of the martial funds during the pendency of the divorce, the court may, at its own discretion, compensate the offended spouse with a distributive award or with a greater award of marital property. R.C. 3105.171(E)(3);Huener v. Huener (1996), 110 Ohio App.3d 322, 326, 674 N.E.2d 389.
"Divorce is a creature of state statute." Coleman v. Coleman (1972),32 Ohio St.2d 155, 159, 291 N.E.2d 530. Therefore, any claim to property in a divorce proceeding must be supported by R.C. 3105.171. Appellant's argument that the trial court abused its discretion by failing to credit him for expenses incurred during the pendency of this action is not supported by R.C. 3105.171. Therefore, we find no abuse of discretion in the trial court's distribution of marital property.
Next, Appellant asserts that the trial court's final judgment entry failed to consider the future tax implications of a judicial sale that would occur if he failed to pay the Appellant her share of the marital property as ordered. The trial court could not have anticipated the implications of capital gains or depreciation for a sum of money not yet determined. Furthermore, Appellant demonstrates no prejudice from the trial court's action and therefore does not demonstrate reversible error. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, Appellant asserts that the trial court committed reversible error when it accepted the magistrate's decision to use the asset valuations submitted by Appellee's witness rather than his own. When determining the value of marital assets, the trial court has broad discretion in weighing the evidence of value presented. Singer v. Singer (May 3, 1996), Defiance App. No. 4-95-17. "Rigid rules to determine value cannot be established, as equity depends on the totality of the circumstances." Webb v. Webb (Sept. 2, 1999), Marion App. No. 9-98-66, 1999-Ohio-862, citing Briganti v. Briganti
(1994), 9 Ohio St.3d 220, 221-222, 459 N.E.2d 896. Furthermore, it is clear that the trial court is in the best position to determine the credibility of the witnesses and the weight to be given their testimony.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. The trial court is free to accept one portion of a witness's testimony while rejecting others. Ace Steel Baling v. Porterfield (1969),19 Ohio St.2d 137, 249 N.E.2d 892. Consequently, we find no abuse of discretion in the magistrate's decision to attribute more weight to one witness than another. Appellant's fifth assignment of error is overruled.
 Sixth Assignment of Error: Judgment Entry
Appellant, in his sixth and final assignment of error, asks this court to find reversible error because the trial court signed a judgment entry, drafted by Appellee, that did not exactly comport with its final decision. Specifically, Appellant points out that in one place the judgment entry cites three cases where the magistrate's decision cited five. Appellant further raises an objection to the insertion of extraneous comments, or statements of facts, that were not found in the judgment entry. Even if we were to find error in the failure of the trial court to ensure that the judgment entry mirrored exactly the magistrate's decision, we most certainly do not find reversible error where the Appellant fails to show prejudice. It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment, must not only show some error but must also show that that error was prejudicial to him. Smith v. Flesher (1967) 12 Ohio St.2d 107,110, 233 N.E.2d 137. Appellant's final assignment of error is thus overruled.
For the reasons stated above it is the order of this Court that the judgment of the Wyandot County Court of Common Pleas, Domestic Division hereby is AFFIRMED.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.