[Cite as *Banks v. Banks*, 2023-Ohio-3229.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JOCELYN BANKS, | : | APPEAL NO. C-230006 |
| | | TRIAL NO. DR-2101477 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| KENNETH RAY BANKS, | : | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 13, 2023

*James J. Whitfield*, for Plaintiff-Appellee,

*Tibbs Law Office* and *Sarah E. Michel*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   The parties here decided to part ways after over a decade of marriage. While they reached a settlement agreement that resolved nearly all issues, they could not come to terms on the equity in a residence located at 787 Cedarhill Drive. The trial court sorted through the history of the Cedarhill property, determined that it constituted the sole property of plaintiff-appellee Jocelyn Whitfield (formerly Banks), and issued a divorce decree accordingly. Defendant-appellant Kenneth Ray Banks appeals that judgment, maintaining that the trial court erred in its valuation and characterization of the Cedarhill property. Based on a review of the record before us, however, we agree with the trial court's decision and affirm its judgment.

I.

{¶2}   The parties married in 2009 and came before the domestic relations court seeking a divorce about 12 years later. In August 2008, prior to the parties' marriage, Ms. Whitfield purchased the Cedarhill property. At a hearing on the division of property, she testified that she maintained the Cedarhill property as her separate property—paying the mortgage and all expenses—for 15 months. The parties agree that, for a period after they were married, they paid the monthly mortgage payments and renovation costs jointly and that Mr. Banks assisted, at least minimally, with some renovations to the home. In 2012, the parties refinanced the property, and Mr. Banks signed a quitclaim deed, conveying his interest in the property to Ms. Whitfield. The record is silent on Mr. Banks's motivation behind the quitclaim deed.

{¶3}   In September 2021, Ms. Whitfield filed a complaint for divorce. Eventually, after the parties focused their dispute on the Cedarhill property, the magistrate issued a decision finding that Mr. Banks did not have any equity in the

2

property. Mr. Banks objected to the magistrate's order, but the trial court overruled his objection, determining "the quitclaim deed relinquished any rights or interests [Mr. Banks] had in the property." Based on that determination, the trial court issued a final decree of divorce in December 2022. Mr. Banks now appeals.

II.

{¶4} In his sole assignment of error, Mr. Banks insists that the trial court erred and abused its discretion in failing to award him any equity in the Cedarhill property. In a divorce proceeding, the trial court "determine[s] what constitutes marital property and what constitutes separate property" and then "divide[s] the marital and separate property equitably between the spouses." R.C. 3105.171(B).

{¶5} We review a trial court's " 'equitable division of property for an abuse of discretion.' " *Boolchand v. Boolchand*, 1st Dist. Hamilton Nos. C-200111 and C-200120, 2020-Ohio-6951, ¶ 9, quoting *McKenna v. McKenna*, 1st Dist. Hamilton No. C-180475, 2019-Ohio-3807, ¶ 9. "An abuse of discretion connotes more than a mere error of judgment; rather, 'it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.' " *Hayes v. Durrani*, 1st Dist. Hamilton No. C-190617, 2021-Ohio-725, ¶ 8, quoting *Boolchand* at ¶ 9. An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶6} Based on our review of the record, we find that the trial court did not abuse its discretion in declining to award Mr. Banks equity in the Cedarhill property. The evidence is undisputed that he transferred his interest in the Cedarhill property by executing the quitclaim deed. Nevertheless, he insists this transfer should not have

3

any bearing on the classification of the property as separate or marital. Generally, the party challenging the effectiveness of a deed, however, must prove that the deed was not intended to effectuate a complete transfer of his or her interest in the property. *See, e.g.*, *Pettry v. Pettry*, 81 Ohio App.3d 30, 34, 610 N.E.2d 443 (10th Dist.1991) ("[T]he burden is upon the person challenging the effectiveness of a deed executed in accordance with statutory requirements to accomplish the conveyance set forth therein."); *Galloway v. Galloway*, 6th Dist. Erie No. E-21-043, 2023-Ohio-29, ¶ 15 ("[T]he burden of challenging the effectiveness of a deed executed in accordance with statutory requirements rests with the person making the challenge."); *Maulis v. Maulis*, 11th Dist. Portage No. 96-P-0190, 1997 Ohio App. LEXIS 3111, 6 (July 18, 1997) ("On appeal, the challenging party * * * has the burden of demonstrating that the lower court abused its discretion in finding that the quitclaim deed was intended to accomplish a conveyance of legal interests * * * to the transferee."). Therefore, Mr. Banks bore the burden to prove that "in some fashion the deed was not intended as an outright complete transfer of all of [his] interest in the property." *Pettry* at 34.

{¶7} As the record confirms, he failed to offer sufficient evidence demonstrating that the deed was not intended as a full transfer of his interest in the Cedarhill property. He did not present any alternative motivation behind the transfer of his interest in the property. Nor did he question the validity of the deed at any point during the proceedings.

{¶8} Notwithstanding that absence of evidence, Mr. Banks maintains that he is entitled to equity in the property because he contributed to mortgage payments and renovation costs and labor during a portion of the parties' marriage. In this regard, he points to several cases generally indicating that equity interest gained throughout the

course of a marriage is marital property. *See, e.g., Kotch v. Kotch*, 178 Ohio App.3d 358, 2008-Ohio-5084, 897 N.E.2d 1191 (5th Dist.); *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 696 N.E.2d 575 (1998); *Worthington v. Worthington*, 21 Ohio St.3d 73, 488 N.E.2d 150 (1986). But these cases did not involve a transfer of the property during the marriage. Unlike the parties in these cases, Mr. Banks relinquished any interest he may have had by conveying the property to Ms. Whitfield by quitclaim deed.

{¶9} He further argues that, because "the form of title is relevant to, but not conclusive of, the classification of property," *Barkley v. Barkley*, 119 Ohio App.3d 155, 161, 694 N.E.2d 989 (4th Dist.1997), the quitclaim deed did not terminate his right to marital equity in the property. *Barkley*, however, involved the purchase of property by joint deed during a marriage, not the transfer of property between spouses. *Id.* at 160. And regardless, based on the factual context, a trial court may determine property should be classified consistent with its title. *See id.* at 161.

{¶10} Because Mr. Banks transferred his property interest and failed to challenge the substance or effect of the transfer, we cannot find an abuse of discretion on this record.

\* \* \*

{¶11} In light of the foregoing analysis, we overrule Mr. Banks's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.